IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON JACOBS, :
    Plaintiff,
                                             Case No. 3:24-cv-233
v.                         :
                                             JUDGE WALTER H. RICE
MIAMI COUNTY, et al.,
    Defendants. :

---

DECISION AND ENTRY SUSTAINING THE MOTION TO QUASH DEPOSITION SUBPOENA SERVED ON NON-PARTIES MICHAEL THEN AND LESLIE KODYSZ-THEN (DOC. #32)

---

This case is before the Court on the Motion to Quash Deposition Subpoena Served on Non-Parties Michael Then and Leslie Kodysz-Then ("the Thens"). Doc. #32. Plaintiff filed a Response in opposition. Doc. #32. The Thens did not file a reply memorandum, and the time for doing so has expired. S.D. Ohio Civ. R. 7.2(a)(2). For the reasons stated herein, the Motion is SUSTAINED.

I. **Procedural and Factual Background**

Plaintiff filed this case against Miami County, Ohio and two Miami County Sheriff deputies,[1] alleging violations of his First and Fourth Amendment rights. Doc.

---

[1] Plaintiff also named Ohio Attorney General David Yost as a Defendant, but Attorney General Yost was later dismissed pursuant to a stipulation between the parties. Doc. #24.

#14. Plaintiff's claims stem from an incident which took place on November 23, 2023. On the evening of November 23, the Miami County Sheriff's department received a complaint from the Thens reporting that music involving threatening lyrics was emanating from the Jacob's residence. When the deputies arrived at the residence, they investigated the report, speaking with the occupants of the Jacob's residence, including Plaintiff and his son, as well as with the neighbors who made the initial report to the police, the Thens.

The deputies issued a summons to Plaintiff, charging him with disorderly conduct under Ohio Rev. Code (R.C.) § 2917.11(A)(2). At his subsequent arraignment, the state court dismissed the charges against Plaintiff. Roughly a year later, Plaintiff filed his initial complaint against the individuals listed above, but not against the Thens. However, on July 24, 2025, Plaintiff issued a subpoena to the Thens in connection with this case. Doc. #32-1, PageID #211–20. The Thens filed a motion to quash the subpoena on August 13, 2025, (Doc. #32), and Plaintiff responded later that same day. Doc. #33.

## II. Analysis

The propounding of subpoenas upon non-parties is governed by Federal Rule 45, which provides that:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(B). Both the Federal and Local Rules require parties to engage in a good-faith effort to resolve or narrow disputes privately prior to moving to quash the subpoena or compel compliance therewith. However, the rules are split on whether a non-party is subject. *See* Fed. R. Civ. P. 26(c)(1) ("A party *or any person from whom discovery is sought* may move for a protective order . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.") (emphasis added); *but see also* S.D. Ohio Civ. R. 37.1 ("Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision *in Fed. R. Civ. P. 26 or 37* unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences.") (emphasis added).

While this Court has not ruled on the issue, other district courts have consistently held that the meet-and-confer requirement does not apply to non-parties seeking to quash subpoenas. *See, e.g., Jackson v. AFSCME Local 196*, 246

3

F.R.D. 410, 413 (D. Conn. 2007); *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 115 (D. Conn. 2005); *Rogers v. Orleans Parish Sherriff Office*, No. Civ. 22-5303, 2025 WL 2460267, *6 (E.D. La. Aug. 27, 2025). The Court declines to impose such a requirement on a non-party who has been brought involuntarily into the case. Thus, any failure by the Thens to meet and confer is not a basis for overruling the Amended Motion.

As the party seeking to quash the subpoena under Rule 45, the burden of proof falls on then Thens. *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (Wehrman, M.J.). The Thens argue that the requests propounded upon them are unduly burdensome by means of being overbroad, irrelevant, without temporal limitation, and that the requested documents have already been produced to Plaintiff. Doc. #32, PageID #203–09.

Plaintiff's first request is for the Thens to produce "All documents prepared by you or anyone in your household that reflect complaints, incident reports, or written accounts concerning Jason Jacobs or his property, specifically related to loud music, noise, disturbances, trespassing, or similar conduct." Doc. #32-1, PageID #213. The Thens argue that this request should be limited to documents connected with the November 2023 incident, documents they say Plaintiff has already received. Doc. #32, PageID #204. On the other hand, Plaintiff posits that the broader timeframe of documents will help establish a timeline and determine

4

whether this complaint was treated different from other prior complaints, which could be relevant to the deputies' motives during the November 2023 interaction. Doc. #33, PageID #232.

It is important to recognize that the Thens are not a party to this lawsuit. Instead, this is a case brought against the two deputies who responded, as well as against the sheriff's department. Plaintiff's case will succeed or fail based, in large part, upon what the officers' basis for the citation was, which in turn will hinge on what they knew at the time of the citation. To that end, documents and information relating to the complaint the Thens made to the sheriff's department on November 23, 2023, will likely be relevant to the ultimate disposition of this case. However, the Thens argue, and Plaintiff does not appear to dispute, that Plaintiff already has the relevant materials from the night of November 23, provided by the named Defendants.

Instead, Plaintiff seeks to go beyond that, to recover documentation from *any* past grievance, without time limitation. Plaintiff, therefore, seeks to impose a significant burden on the Thens for information that would have little, if any, relevance to his claims. Assuming there are prior complaints, incident reports, or written accounts, they either would have been given to the authorities, in which case, they would be obtained in the normal course of discovery from Defendants, or they would not have been given to the authorities, in which case it would not be

5

relevant to what the deputies knew on November 23. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense.") (emphasis added); Fed. R. Evid. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence.").

In fact, all of Plaintiff's requests for documents are based upon the theory that the Thens made numerous reports to the authorities over the years and held animus against Plaintiff. Yet, even assuming this as true, the Thens are not parties to this lawsuit and whatever personal feelings the Thens had against Plaintiff do not make Plaintiff's claims against the named Defendants any more or less probable and therefore are not relevant under Fed. R. Evid. 401 and not discoverable under Fed. R. Civ. P. 26(b)(1). The only thing that matters to Plaintiff's claims are what the deputies knew at the time of the incident and what premised their decisions at that time.

In any Section 1983 case, a plaintiff must show "not only that the officers' actions were unconstitutional, but also that they should have known at the time that they were violating [his] rights." *Stemler v. City of Florence*, 126 F. 3d 856, 866 (6th Cir. 1997). This analysis is judged from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Conner*, 490 U.S. 386, 396 (1989). Plaintiff does not attempt to impute 20/20 hindsight on the

deputies here, but seems to go one step further, holding them responsible for whatever views the Thens may have had about Plaintiff. This is well past "the perspective of a reasonable officer on the scene" imagined by *Graham*.

Plaintiff's evidence at trial will be relevant only if it relates to what a reasonable officer on the scene would know. His discovery requests must be in pursuit of obtaining this type of evidence, especially when he seeks to impose a burden on unrelated individuals, not party to this case. It is not clear what the discovery requests propounded on the Thens are likely to show that is not otherwise discoverable from the named Defendants, while remaining within the knowledge of a reasonable officer on the scene. For that reason, and because the requests would unduly burden the Thens, the discovery requests are QUASHED.

### III. Conclusion

Because the subpoena is unduly burdensome, because it seeks information not relevant to this case, and because the relevant information it does seek is available through Defendants, the Motion to Quash Deposition Subpoena Served on Non-Parties Michael Then and Leslie Kodysz-Then, Doc. #32, is SUSTAINED.

Date: September 22, 2025

WALTER H. RICE
UNITED STATES DISTRICT JUDGE