THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON JACOBS,

    Plaintiff,

        v.

MIAMI CNTY., OHIO, *et al.*,

    Defendants.

:
:
:
:
:
:
:

Case No. 3:24-cv-233

Judge Walter H. Rice

---

ORDER SUSTAINING IN PART AND OVERRULING IN PART MOTION FOR
ATTORNEY FEES OF NON-PARTIES MICHAEL THEN AND LESLIE KODYSZ-THEN
(DOC. #51); PLAINTIFF JASON JACOBS OR COUNSEL FOR PLAINTIFF SHALL
REMIT FOUR THOUSAND ONE HUNDRED SEVENTY DOLLARS ($4,170.00) TO
COUNSEL FOR THE THENS WITHIN TWENTY-EIGHT DAYS OF ENTRY

---

This matter is before the Court on the Motion for Attorney Fees of Non-Parties Michael Then and Leslie Kodysz-Then ("the Thens"). (Doc. #51). For the reasons set forth below the Motion is SUSTAINED IN PART AND OVERRULED IN PART.

I.    **Factual Background and Procedural History**

On July 24, 2025, Plaintiff Jason Jacobs propounded non-party subpoenas upon the Thens pursuant to Federal Rule of Civil Procedure 45, directing both of them to testify at depositions on August 13, 2025, and to produce categories of documents before then. (Doc. #56-2, PAGEID 1095-1104). On August 4, 2025,

counsel for the Thens sent objections to Plaintiff's counsel. (Letter 1, Doc. #56-1, PAGEID 1091, citing FED.R.CIV.P. 45(d)(2)(B)). Therein, the Thens raised objections concerning: (1) overbreadth; (2) lack of relevance; (3) undue burden and harassment; (4) proportionality; (5) timeliness and staleness; and (6) not being reasonably calculated to lead to admissible evidence, making the subpoenas tantamount to fishing expeditions. (*Id.* at PAGEID 1091-92). Specifically, the Thens argued that, because the party-Defendants had provided discovery regarding the decision to charge Plaintiff, including the materials that the Thens provided to the Defendants, any evidence they could provide had already been produced. (*Id.* at PAGEID 1093). Accordingly, they requested that Plaintiff withdraw the subpoenas. (*Id*).

Correspondence between counsel failed to resolve the Thens' objections (Doc. #56-1, PAGEID 1082-88), and on August 12, 2025, Plaintiff indicated his intent to "file a motion to compel and seek sanctions under Rule 37 for failure to confer in good faith." (*Id.* at PAGEID 1082). The next day, before Plaintiff could do so, the Thens filed a Motion to Quash under Rule 45(d)(3)(A) (Doc. #32), which this Court sustained on September 22, 2025. (Decision and Entry, Doc. #35). Therein, the undersigned noted that there was no meet-and-confer requirement for the Thens as non-parties (*id.* at PAGEID 279-80 (collecting cases)), and concluded that the subpoenas were unduly burdensome, as the relevant documents sought from the Thens had already been produced by Defendants. (*Id.* at PAGEID 280-81,

2

citing *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S. D. Ohio 2011) (Wehrman, Mag. J.)).

> In fact, all of Plaintiff's requests for documents are based upon the theory that the Thens made numerous reports to the authorities over the years and held animus against Plaintiff.  Yet, even assuming this as true, the Thens are not parties to this lawsuit and whatever personal feelings the Thens had against Plaintiff do not make Plaintiff's claims against the named Defendants any more or less probable and therefore are not relevant under FED.R.EVID. 401 and not discoverable under FED.R.CIV.P. 26(b)(1).

(*Id.* at PAGEID 282).  Accordingly, the Court quashed the subpoena.  (*Id.* at PAGEID 283).

On November 19, 2025, the Thens filed the instant Motion.  Therein, they argue that

> Plaintiff and his Attorney violated FED.R.CIV.P. 45(d)(1) by issuing unduly burdensome subpoenas in relation to the overly broad scope of the requests without any temporal limitation. . . . [T]he Thens . . . had to incur expenses, including attorney fees, in drafting and filing a successful motion to quash the subpoenas.  An award of fees and expenses is required to enforce FED.R.CIV.P. 45(d)(1)'s protective purpose, especially for non-parties.

(Doc. #51, PAGEID 968).  The Thens argue that, despite not being subject to a meet-and-confer requirement, they attempted to resolve the matter without Court involvement; however, "Plaintiff's attorney never provided the undersigned counsel the courtesy of any response to said demand" that the subpoenas be withdrawn.  (*Id.*).  The Thens aver that they incurred $5,820.00 in attorney fees related to their counsel spending 19.6 hours on the Motion to Quash and matters related thereto.  (*Id.*, citing Billing Info. Mem., Doc. #51-4, PAGEID 979).

In his memorandum *contra*, Plaintiff argues that the discovery requests in the subpoena were relevant, and that his attorney attempted to engage counsel for the Thens in discussions over narrowing the scope of the subpoenas, but that the Thens' attorney would not budge from his demand that the subpoenas be withdrawn entirely. (Memo. in Opp., Doc. #59, PAGEID 1137-38, citing R. Thompson Decl., Doc. #56, PAGEID 1061). Plaintiff claims that, because he engaged in good-faith effort to narrow the areas of disagreement, the Court should not impose sanctions merely because it concluded that the subpoenas were overbroad. (*Id.* at PAGEID 1138-39 (collecting cases)). Specifically, Plaintiff asserts that he attempted to negotiate with the Thens in good faith, that he "had a plausible theory of relevance" with respect to the materials sought in the subpoenas, and that this Court has declined to impose attorney fees in those instances, even when it sustained a motion to quash or modify. (*Id.* at PAGEID 1139-40, quoting *Wendy's Netherlands B.V. v. Levy*, No. 2:24-cv-3077, 2025 U.S. Dist. LEXIS 180126, *18 (S.D. Ohio Apr. 11, 2025) (Watson, J.)); *Corcept Therapeutics, Inc. v. Elliott*, No. 1:22-mc-24, 2022 U.S. Dist. LEXIS 216439, *26 (S.D. Ohio Nov. 30, 2022) (Litkovitz, Mag. J.)).

Plaintiff argues that the Thens' complaints to the police helped form the basis of Defendants' unconstitutional prosecution of Plaintiff and, thus, the requests were reasonably calculated to lead to the discovery of admissible evidence. (Doc. #59, PAGEID 1141). He further asserts that the Thens were subjected to no undue burden, since they never produced documents or sat for a

4

deposition, and that the purported attorney fees, even if allowed, are excessive due to excessive hours spent on the Motion to Quash and related practice. (*Id.* at PAGEID 1142-43, citing FED.R.CIV.P. 45(d)(1); Doc. #51-4, PAGEID 979).

In Reply, the Thens counter that the United States Court of Appeals for the Sixth Circuit has held that a finding of bad faith is not necessary to impose sanctions under Rule 45(d)(1). (Doc. #60, PAGEID 1146, quoting *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018)). Rather, the Thens argue, the operative question is whether the non-parties were subject to an undue burden by the proponent; since they were, sanctions are appropriate. (*Id.* at PAGEID 1146-47, quoting *Mod. Plastics*, 890 F.3d at 251; *Ga. Pac. LLC v. Am. Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187, 190 (S.D. Ohio Mar. 31, 2010) (Kemp, J.); Doc. #35, PAGEID 281-82, 283). Moreover, the Thens claim that they were not required to attempt to comply with the subpoena as part of their showing of undue burden; rather, Plaintiff had an ongoing duty to ensure that the Thens were not unduly burdened, and he failed to do so. (*Id.* at PAGEID 1147-48, quoting *Lyons v. My Pillow, Inc.*, Case No. 23-1308, 2023 WL 8450724, * 5 (6th Cir. Dec. 6, 2023); citing *Lyons*, 2023 WL 8450724, *4). Finally, the Thens assert that the *Corcept* and *Wendy's* cases relied upon by Plaintiff are inapposite, because, while this Court declined to impose sanctions, the proponents had either withdrawn some of the subpoenas or narrowed their scopes. (*Id.* at PAGEID 1148-49). Here, the Thens argue, Plaintiff persisted in the discovery requests that this Court concluded were overbroad and unduly burdensome; "[u]nder these circumstances, without

5

Plaintiff reimbursing the [Thens] for their attorney fees, the Plaintiff will have succeeded in abusing the [Thens], which is what [Rule] 45(d) is designed to prevent." (*Id.* at PAGEID 1149).

The matters are now ripe for decision.

## II.   **Legal Standards**

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

FED.R.CIV.P. 45(d)(1). "Undue burden is to be assessed in a case-specific manner considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Mod. Plastics*, 890 F.3d at 251, quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D 132, 136 (S.D. Ohio 1999) (Abel, Mag. J.)). "[B]ad faith is sufficient but not necessary to impose sanctions if Rule 45(d)(1) is otherwise violated." *Id.*

## III.   **Analysis**

At the outset, the Court notes that the Thens are correct (Doc. #56, PAGEID 1067) that Rule 45 only requires that the non-party respondents serve timely objections upon the proponents. FED.R.CIV.P. 45(d)(2)(B). There is no requirement for non-parties analogous to the meet-and-confer requirement by parties to resolve or narrow areas of disagreement prior to a party seeking a protective

order.  FED.R.CIV.P. 26(c)(1).  Rather, the burden remains at all times on the proponent to avoid subjecting non-parties to undue burden.  FED.R.CIV.P. 45(d)(1). As there is no dispute that the Thens' objections were timely, the Thens had no further obligation to negotiate the scope of the subpoenas with Plaintiff prior to filing the Motion to Quash.

Further, in the letter to Plaintiff's counsel, the Thens' counsel explained that any documents relevant to the Defendants' decision to charge Plaintiff were already provided by Defendants themselves (Doc. #56-1, PAGEID 1093); thus, counsel concluded, Plaintiff's wide-ranging requests seeking any documents related to any complaint the Thens made about Plaintiff, with no temporal limitations (Doc. #56-2, PAGEID 1097-98), were duplicative, unduly burdensome, "irrelevant to your case[,] and present[] an impermissible fishing expedition into information of a non-party." (Doc. #56-1, PAGEID 1093).  In its September 22, 2025, Entry, the Court agreed with the Thens.  Specifically, the Court noted that it was undisputed that any relevant materials provided by the Thens to Defendants as part of their November 23, 2023, complaint regarding Plaintiff had already been produced by Defendants.  (Doc. #35, PAGEID 281).

> Plaintiff seeks to go beyond that, to recover documentation from any past grievance, without time limitation. Plaintiff, therefore, seeks to impose a significant burden on the Thens for information that would have little, if any, relevance to his claims. Assuming there are prior complaints, incident reports, or written accounts, they either would have been given to the authorities, in which case, they would be obtained in the normal course of discovery from Defendants, or they would not have been given to the authorities, in which case it would not be relevant to what the deputies knew on November 23. . . .

7

> In fact, all of Plaintiff's requests for documents are based upon the theory that the Thens made numerous reports to the authorities over the years and held animus against Plaintiff. Yet, even assuming this as true, the Thens are not parties to this lawsuit and whatever personal feelings the Thens had against Plaintiff do not make Plaintiff's claims against the named Defendants any more or less probable and therefore are not relevant under Fed.R.Evid. 401 and not discoverable under Fed.R.Civ.P. 26(b)(1).

(*Id.* at PAGEID 281-82). Given the above, the Court concluded that the "unduly burdensome" standard was easily met, and quashed the subpoena (*id.* at PAGEID 283); nothing in Plaintiff's memorandum *contra* or accompanying exhibits causes the undersigned to revisit that conclusion.

Plaintiff notes that, even if a district court quashes a subpoena for overbreadth and undue burden, this Court has often declined to impose sanctions in the absence of a finding of bad faith and when the propounding party works earnestly to narrow areas of disagreement. (Doc. #59, PAGEID 1138-39, citing *Wendy's*, 2025 U.S. Dist. LEXIS 180126, *18; *Corcept*, 2022 U.S. Dist. LEXIS 216439, *26). However, in both those cases, the proponent either narrowed the scope of documents sought or withdrew subpoenas from at least some of the people initially served. *Wendy's*, 2025 U.S. Dist. LEXIS 180126, *3; *Corcept*, 2022 U.S. Dist. LEXIS, 216439, *5. In this case, on the other hand, Plaintiff never even intimated that he was open to narrowing the scope of the subpoenas. Despite being told by the Thens' counsel that "[t]he only matters that are relevant are those contained in your Complaint, that [is] all the further you have to go to tailor any requests that you might have" (Doc. #56-1, PAGEID 1087), and despite having

8

an ongoing, affirmative duty to avoid undue burden, Fed.R.Civ.P. 45(d)(1), Plaintiff made no effort to reduce the expense or inconvenience of the Thens complying. Rather, Plaintiff's counsel merely disputed the Thens' characterization of the subpoenas as a "fishing expedition" and stated his intention to file a motion to compel and to seek sanctions due to perceived lack of cooperation by the Thens. (Doc. #56-1, PAGEID 1082). Further, as discussed above, a finding of bad faith is not necessary for the Court to impose sanctions, *Mod. Plastics*, 890 F.3d at 251, especially when, as here, Plaintiff's intransigence left the Thens with no other choice but to move to quash. Thus, the imposition of attorney fees as a sanction is appropriate.

To assess attorney fees, the Court must undertake a "lodestar calculation" — *i.e.*, a reasonable hourly rate multiplied by a reasonable number of hours necessary to complete the task. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff does not dispute that the $300 per hour rate set forth by the Thens' counsel is appropriate. However, Plaintiff argues that the 19.6 hours spent by the Thens' counsel is excessive (two attorneys spending 4.1 hours to review the subpoenas, review Rule 45-related law, and draft the objection letter) and duplicative (spending 7.0 hours on the motion to quash despite the substance and caselaw already being contained in the objection letter), and also contains entries that are unrelated to any failure by Plaintiff under Rule 45. (Doc. #59, PAGEID 1142-43). Plaintiff argues that these items should be excluded or reduced in the

9

lodestar calculation because "under Rule 45(d)(1)[,] they are not an 'appropriate' sanction to shift to Plaintiff." (*Id.* at PAGEID 1143).

The Court notes the extensive effort undertaken by the Thens' counsel in attempting to convince Plaintiff to withdraw the subpoenas and, failing that, successfully litigating the Motion to Quash. Accordingly, the Court will award attorney fees for the 12.0 hours incurred between counsel's receipt of the subpoenas on July 28, 2025, and the filing of the Motion to Quash on August 13, 2025. (Doc. #51-4, PAGEID 979). Further, the 1.9 hours spent by the Thens' counsel between September 17 and September 23, 2025, reviewing this Court's notation order staying deadlines pending resolution of the Motion to Quash and Entry Sustaining the Motion, and discussing the latter with the Thens, were also reasonable. (*Id.*). Consequently, the Thens' counsel is entitled to $4,170.00 in attorney fees for time incurred between July 28 and September 23, 2025.

Attorney fees associated with the preparation of motions for attorney fees, *i.e.*, "fees on fees," *Hernandez v. Kalinowski*, 146 F.3d 196, 200 (3d Cir. 1998), are usually recoverable under 42 U.S.C. § 1988 and the Prison Litigation Reform Act of 1996. *Id.* at 200-01, citing 42 U.S.C. §§ 1988, 1997e(d)(1). However, the Court is unaware of any caselaw from this District or the United States Court of Appeals for the Sixth Circuit as to whether attorney fees incurred in the preparation for a successful motion for attorney fees under Rule 45(d) are recoverable, and neither Plaintiff nor the Thens cites any caselaw on point. The Court need not resolve this potential matter of first impression, because the plain language of Rule 45(d)(1)

10

evinces a clear intent "to avoid imposing undue burden or expense on *a person subject to the subpoena*." FED.R.CIV.P. 45(d)(1) (emphasis added).  Once the Court sustained the Motion to Quash, the Thens were relieved of any burden or expense with respect to testifying or producing documents.  The Thens do not claim they incurred any further burden or harassment by Plaintiff once the subpoenas were quashed.  Consequently, the 5.7 hours incurred on or after September 24, 2025, are not compensable, and to the extent the Motion seeks fees for that time, it is overruled.

## IV.    Conclusion

For the foregoing reasons, the Thens' Motion for Attorney Fees (Doc. #51) is SUSTAINED IN PART AND OVERRULED IN PART.  Plaintiff or counsel for Plaintiff shall remit Four Thousand One Hundred Seventy Dollars ($4,170.00) to counsel for the Thens within TWENTY-EIGHT (28) days of this Order.

The captioned cause remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.


IT IS SO ORDERED.

June 23, 2026

*Walter H. Rice*

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

11